TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Marty Adams, Jr. and
Marty Adams, Sr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| Marty Adams, Jr. and Marty Adams, Sr., <br><br> Plaintiffs, <br><br> vs. <br><br> Midland Credit Management, Inc., <br><br> Defendant. | Case No.: **'19CV2045 JLS  BLM** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **FOR VIOLATIONS OF:** <br> **1. THE FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs, Marty Adams, Jr. and Marty Adams, Sr. (collectively referred to as "Plaintiffs"), by undersigned counsel, bring the following complaint against Midland Credit Management, Inc. (hereafter "Defendant") and allege as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs are adult individuals residing in Lawrenceburg, Kentucky, and Virgie, Kentucky, and are each a "person" as defined by 1 U.S.C. § 1.

5. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in San Diego, California, and is a "person" as the term is defined by 1 U.S.C. § 1.

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Marty Adams, Sr. is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant (the "Debt").

9. Marty Adams, Sr.'s alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. On or around May 2, 2019, Defendant contacted Marty Adams, Jr. in an attempt to collect the Debt from Marty Adams, Sr.

12. Marty Adams, Jr. only verified a former address and name with Defendant.

13. During this initial conversation, Defendant stated that it was the last chance for Marty Adams, Jr. to pay before Defendant would proceed with filing a lawsuit against him.

14. Marty Adams, Jr. requested information regarding the Debt in the mail.

15. On or around May 4, 2019, Defendant again called Marty Adams, Jr. Marty Adams, Jr. again requested that Defendant send mail about the Debt to his new address. Defendant stated it had sent over 20 bills regarding this Debt.

COMPLAINT FOR DAMAGES

16. On the same day, Marty Adams, Jr. called Defendant back and verified that Defendant was not calling for him.  Rather, Defendant was calling for Marty Adams, Sr.

17. Defendant contacted Marty Adams, Jr and disclosed details about the Debt of Marty Adams, Sr.

18. Defendant failed to properly verify that it was talking to the correct person.

19. Defendant attempted to collect the Debt from Marty Adams, Jr. when he had no obligation or responsibility for the Debt.

20. Defendant's actions caused Plaintiffs a significant amount of frustration, confusion, stress, and anxiety.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

21. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

22. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

23. Defendant attempted to collect a debt from Plaintiffs and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

24.     Defendant's agent communicated with Marty Adams, Jr. regarding a third-party debt and failed to state that it was acquiring location information concerning the Debtor, in violation of 15 U.S.C. § 1692b(1).

25.     Defendant communicated with a person other than Marty Adams, Sr. and stated that Marty Adams, Sr. owes a debt, in violation of 15 U.S.C. § 1692b(2).

26.     Defendant communicated with Marty Adams, Jr. regarding a third-party debt more than once without being requested to do so, in violation of 15 U.S.C. § 1692b(3).

27.     Defendant communicated with a person other than Marty Adams, Sr., his attorney, or a consumer-reporting agency regarding his alleged debt, in violation of 15 U.S.C. § 1692c(b).

28.     Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiffs, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

29.     Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

30.     Defendant threatened to take action against Marty Adams, Jr. that could not be legally taken or that Defendant did not intend to take, in violation of 15 U.S.C. § 1692e(5).

31.     The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

32. Plaintiffs were harmed and are entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 24, 2019          TRINETTE G. KENT

By:  /s/  Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiffs,
Marty Adams, Jr. and Marty Adams, Sr.